UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**PAUL DEUERLING**                                                                    **PLAINTIFF**

v.                                    **CIVIL ACTION NO. 5:15CV-P33-TBR**

**KEN CLAUD** *et al.*                                                    **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Paul Deuerling, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this action under 42 U.S.C. § 1983 by filing a complaint on his own paper (DN 1). The Clerk of Court sent Plaintiff a deficiency notice directing him, in part, to resubmit his complaint on a Court-approved form. Plaintiff complied with the deficiency notice and filed his complaint on the appropriate form (DN 4). This action is now before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, this action will be dismissed.

**I. STATEMENT OF THE CASE**

Plaintiff Deuerling brings his action against three Defendants: (1) Ken Claud, the Jailer at the Calloway County Jail (CCJ) where Plaintiff is presently incarcerated; (2) Dennis Foust, a Circuit Court Judge[1] in Marshall County, Kentucky; and (3) Mark Blankenship, the Commonwealth Attorney for Marshall County, Kentucky. Plaintiff sues Defendants Claud and Foust in their individual and official capacities. He fails to state the capacity in which he sues Defendant Blankenship.[2] Plaintiff seeks punitive damages and injunctive relief. As to the

---

[1] Although not clearly stated by Plaintiff, the Court takes judicial notice that Dennis Foust is a Circuit Court Judge.

[2] "[W]hile it is clearly preferable that [a plaintiff] explicitly state[s] whether a defendant is sued in his or her 'individual capacity,' failure to do so is not fatal if the course of proceedings otherwise indicates that the defendant

injunctive relief, Plaintiff states, "Refer to 28 U.S.C. § 2241." In the originally filed complaint, Plaintiff requested that "[a]ll Sentences Being Served and Any and All pending Cases Against Mr. Deuerling Must immediately Be Dismissed and Vacated as well as Compensatory and Punitive Damages in the Amount of $1,000,000.00."

In his complaint, Plaintiff states as follows:

[O]n January 30, 2015 legal Mail Concerning the plaintiff Addressed to Retained Counsel was opened by jail Staff and the letter Removed then 8 Days the letter/Envelope was shoved under the door of Cell #228 in An Attempt to deceive plaintiff into thinking the envelope had Been Returned to Sender. First, the Envelope was opened in violation of Federal Law pertaining to Attorney/Client Correspondence and in Addition the envelope was Not Stamped "Return to Sender" thus it would be impossible for the Murray post office to have Returned it. In Addition the postMaster of Murray Kentucky has Verified that the Envelope (Marked plaintiffs Exhibit 1[3]) Did Not Come through the Murray post office and Could Not have Been Returned to plaintiff As there was No "Return to Sender" stamp.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*,

---

received sufficient notice." *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (citation omitted).

> The 'course of proceedings' test considers such factors as the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability. The test also considers whether subsequent pleadings put the defendant on notice of the capacity in which he or she is sued.

*Id.* at 772 n.2 (citation omitted). In the present case, for the sake of being comprehensive, the Court will presume, without deciding, that Defendant Blankenship is being sued in both his official and individual capacities.

[3] The record in this case reveals that no exhibit is attached to Plaintiff's complaint.

90 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. *Official-Capacity Claims*

##### 1. *Eleventh Amendment Immunity*

Defendants Foust and Blankenship are sued in their official capacities as employees of the Commonwealth of Kentucky. Under the Eleventh Amendment to the U.S. Constitution,[4] a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) ("This [Eleventh Amendment] withdrawal of jurisdiction effectively confers an immunity from suit. Thus, 'this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'") (quoting *Edelman v. Jordan*, 415 U.S. 651, 662–663 (1974)); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120 (1984) ("[I]f a lawsuit against state officials under 42 U.S.C. § 1983 alleges a constitutional claim, the federal court is barred from awarding damages against the state treasury even though the claim arises under the Constitution. Similarly, if a § 1983 action alleging a constitutional claim is brought directly against a State, the Eleventh Amendment bars a federal court from granting any relief on that claim.") (citation omitted); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and [one of its departments] is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit."). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*,

---

[4]"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); *see Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 WL 37824, at *2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985.").

The Eleventh Amendment similarly bars damages claims against state officials sued in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *McCrary v. Ohio Dep't of Human Servs.*, No. 99-3597, 2000 WL 1140750, at *3 (6th Cir. Aug. 8, 2000) (finding § 1983 and § 1985 claims against state agency and its employees in their official capacities for damages barred by Eleventh Amendment immunity).

Accordingly, to the extent they are sued in their capacity as employees of Kentucky or one of its departments or agencies, the official-capacity claims seeking monetary damages brought against Defendants Foust and Blankenship are barred by Eleventh Amendment immunity, and these claims will be dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

### *2. Municipal Liability*

Plaintiff sues Defendant Claud in his official capacity as an employee of Calloway County, Kentucky.

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. at 165 (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Suing Defendant Claud in his official capacity is the equivalent of suing his employer, Calloway

County. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (advising that since the county police department is not an entity which may be sued, the county is the proper party); *Bradford v. Hammond*, No. 3:05CVP459-H, 2005 WL 2739154, at *2 (W.D. Ky. Oct. 21, 2005) (construing a claim against Louisville Metro Corrections as one brought against Louisville/Jefferson County Metro Government); *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive is actually a suit against Jefferson County itself).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 694; *Deaton v. Montgomery Cnty.,Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that a municipal policy or custom caused his alleged harm. As nothing in the complaint demonstrates any purported wrongdoing occurred as a result of a policy or custom implemented or endorsed by Calloway County, the complaint fails to establish a basis of liability against this municipality, and it fails to state a cognizable § 1983 claim.

Accordingly, the official-capacity claim against Defendant Claud will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## B. *Individual-Capacity Claims*

### 1. *Causal Connection*

Plaintiff specifically states that he is bringing this action against Defendants Claud and Foust in their individual capacities. As indicated earlier, the Court will presume, but not decide,

that Defendant Blankenship is also being sued in his individual capacity.  Even though Defendants are sued in their individual capacities, Plaintiff makes no allegations against them in his complaint.

"It is axiomatic that a complaint under 42 U.S.C. § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation; the doctrine of *respondeat superior* has no application thereunder." *Cox v. Barksdale*, No. 86-5553, 1986 WL 18435, at *1 (6th Cir. Nov. 13, 1986) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).  "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed . . . ." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also LeMasters v. Fabian*, No. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) ("To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own *personal* acts or omissions directly caused a violation of the plaintiff's constitutional rights.").

Having failed to allege any conduct on the part of Defendants that violated Plaintiff's rights, Plaintiff fails to state a claim against them.  Accordingly, the individual-capacity claims against all Defendants will be dismissed from this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### *2. Legal-Mail Claim*

As to his legal mail, Plaintiff states that a piece of legal mail addressed to his legal counsel "was opened by jail Staff and the letter Removed then 8 Days the letter/Envelope was

8

shoved under the door of Cell #228 in An Attempt to deceive plaintiff into thinking the envelope had Been Returned to Sender."

First Amendment issues are implicated when restrictions are placed upon an inmate's correspondence. *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984). Policies regarding outgoing legal mail receive heightened scrutiny under which a prison's inspection policy must "further an important or substantial government interest unrelated to the suppression of expression and must not limit First Amendment freedoms greater than is necessary or essential to the protection of the particular governmental interest involved." *Bell-Bey v. Williams*, 87 F.3d 832, 838 (6th Cir. 1996) (quotations omitted). However, not all violations regarding legal mail rise to the level of a constitutional violation. *See, e.g.*, *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation. Rather, the inmate must show that prison officials 'regularly and unjustifiably interfered with the incoming legal mail.'" ) (citation omitted); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) ("Such a random and isolated incident [of mail interference] is insufficient to establish a constitutional violation."); *Sallier v. Brooks*, 343 F.3d 868, 874 (6th Cir. 2003) ("Not all mail that a prisoner receives from a legal source will implicate constitutionally protected legal mail rights."); *Gardner v. Howard*, 109 F.3d 427, 430-31 (8th Cir. 1997) ("[W]e agree with other circuits that an 'isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation.'") (citations omitted); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (finding that even though defendants "admitted to opening one piece of [plaintiff's] constitutionally protected legal mail by accident[,][s]uch an isolated incident, without any evidence of improper motive or resulting interference with

9

[plaintiff's] right to counsel or to access to the courts, does not give rise to a constitutional violation."); *Rinehart v. Beck*, No. 5:09-CT-3019-D, 2011 WL 52360, at *5 (E.D.N.C. Jan. 5, 2011) ("Isolated incidents of mail mishandling do not rise to the level of a constitutional violation."); *Lloyd v. Herrington*, No. 4:11CV-P128-M, 2001 WL 6026661, at *2 (W.D. Ky. Dec. 2, 2011) ("Even if the Court interprets Plaintiff's complaint as alleging two instances of interference with his mail-one of the outgoing motion and one of his incoming piece of legal mail-the Court still finds that the two incidences taken together do not rise to a constitutional violation."); *Pearson v. Simms*, 345 F. Supp. 2d 515, 519 (D. Md. 2003) ("[O]ccasional incidents of delay or non-delivery of mail do not rise to a constitutional level.").

In the present case, Plaintiff alleges one piece of legal mail was opened and then returned to him eight days later. He does not allege any harm resulted from this incident or that he was unable to later mail the correspondence to its intended recipient. Such an isolated incident does not rise to a constitutional level. Accordingly, Plaintiff's legal-mail claim will be dismissed from this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## C. *Request for Dismissal of Charges*

Plaintiff requests that "[a]ll Sentences Being Served and Any and All pending Cases Against [him] Must immediately Be Dismissed and Vacated . . . ."

In *Preiser v. Rodriguez*, state prisoners sought, through filing both an action under 42 U.S.C. § 1983 and a habeas corpus action, restoration of their good-time credits that had been cancelled as the result of prison disciplinary proceedings. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In *Preiser*, the Supreme Court addressed whether habeas corpus is the exclusive remedy when a prisoner is challenging the fact or duration of his confinement. *Id.* The Court held that

"when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. Such a challenge would be subject to the exhaustion requirements of a habeas corpus action. *Id*. at 489-93.

In the present case, Plaintiff asks for dismissal of the charges against him. Habeas corpus is his exclusive remedy for seeking to obtain such relief. If he desires to challenge his criminal conviction, he must do so by separate action.

Accordingly, Plaintiff's claim for the dismissal of the charges against him will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## IV. **CONCLUSION**

Plaintiff having failed to state a claim upon which relief may be granted, the Court will enter a separate Order dismissing this action pursuant to 28 U.S.C. § 1915A(b)(1). Further, the official-capacity claims seeking monetary damages brought against Defendants Foust and Blankenship are barred by Eleventh Amendment immunity, and these claims will also be dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

Date:

cc: Plaintiff, *pro se*
 Defendants
 Calloway County Attorney
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.003